IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:        )
                       )     CASE NO. BK07-41799-TJM
PAMELA SUE DEINES,       )
                       )        CH. 7
        Debtor(s).     )

ORDER

Hearing was held in Lincoln, Nebraska, on December 12, 2007, regarding Filing No. 13, Objection to Exemptions, filed by Joseph H. Badami, trustee, and Filing No. 16, Resistance to Trustee's Objection, filed by the debtor. Todd Mulliner appeared for the debtor and Joseph Badami appeared as Chapter 7 trustee.

The debtor is an unmarried woman who owns a home in which she resides in Lincoln, Nebraska. She has filed this Chapter 7 bankruptcy case and claimed the home as exempt under Neb. Rev. Stat. § 40-101 and § 40-102. This case was filed after the recent amendments to the Nebraska Homestead Act increasing the amount which could be claimed from $12,500 to $60,000. If the debtor qualifies for the homestead exemption, all of the equity in her home will be exempt.

The debtor claims she qualifies for the homestead exemption under § 40-115, as head of a family. That section provides:

> The phrase head of a family, as used in sections 40-101 to 40-116, includes within its meanings every person who has residing on the premises with him or her and under his or her care and maintenance:
> . . .
>> (5) An unmarried sister, brother, or any other of the relatives mentioned in this section who have attained the age of majority and are unable to take care of or support themselves . . . .

The debtor has presented evidence that her disabled adult brother has resided with her and received support and care from her on more than one occasion. According to the evidence, the brother stayed with her in the winter months of 1983 and the period of December 2003 through April 6, 2004. During those times, the debtor provided the necessities of life, including housing and food, when the brother was unable to otherwise provide the same for himself.

There is no evidence that the brother lived in the house at the time of its purchase, nor on the petition date.

The trustee's objection to the homestead exemption is granted. This court has twice previously ruled in favor of a trustee and against the debtor on similar facts. See In re Jeffrey Dubsky, Neb. Bkr. 02:216, Case No. BK02-41592 (Bankr. D. Neb. Sept. 23, 2002), and In re Donald D. Wiezorek, Case No. BK03-42714 (Bankr. D. Neb. Dec. 4, 2003). In Dubsky, the Chapter 7 debtor had a brother and the debtor's former wife and daughter residing with the debtor for short periods, but no one resided with the debtor at the time the petition in bankruptcy was filed. The debtor was determined not to be head of household under those circumstances. Similarly, in

Wiezorek, the debtor, whose step-children resided with the debtor from time to time and whose nephew lived with the debtor for 30 consecutive days, did not qualify for a homestead exemption. This court has declined in both cases to extend the scope of Nebraska's homestead statute to provide an exemption for non-marital head of household situations not in existence on the bankruptcy petition date.

The factual scenario in this case distinguishes it from In re Uhrich, 355 B.R. 783 (Bankr. D. Neb. 2006), where an unmarried debtor was found to be entitled to claim a homestead exemption because he was head of a family when he purchased the house, even though he no longer had dependent children residing with him on the petition date. In the case at bar, the debtor and her brother state in their affidavits that he stays with her and is dependent on her from time to time, such as when he has been recovering from surgery and when he has otherwise been unable to provide food and shelter for himself. However, relying on the kindness of family members when in need does not necessarily constitute being dependent upon them as contemplated by the Nebraska statutes for homestead exemption purposes. Mr. Deines states in his affidavit that he is a resident of Virginia, not Nebraska. While he may spend time in the debtor's home when he has nowhere else to stay, the evidence does not indicate this is anything more than a temporary living arrangement. It therefore does not create a "household" that would give rise to a homestead exemption.

Neither the Nebraska legislature nor the Nebraska Supreme Court has, since Dubsky and Wiezorek were decided, clarified the law with regard to this issue. Therefore, the earlier cases will be followed and the claim of exemption will be denied.

IT IS ORDERED that Filing No. 13, Objection to Exemptions, filed by the trustee, is granted.

DATED:        December 19, 2007

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
        Todd Mulliner
        *Joseph Badami
        U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.